TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

DANIEL E. LUNGREN
Attorney General

---

|                          |   |                       |
|--------------------------|---|-----------------------|
| OPINION                  | : |                       |
|                          | : | No. 98-704            |
| of                       | : |                       |
|                          | : | September 14, 1998    |
| DANIEL E. LUNGREN        | : |                       |
| Attorney General         | : |                       |
|                          | : |                       |
| ANTHONY M. SUMMERS       | : |                       |
| Deputy Attorney General  | : |                       |
|                          | : |                       |

---

THE HONORABLE BRUCE McPHERSON, MEMBER OF THE CALIFORNIA SENATE, has requested an opinion on the following question:

May funds obtained as "in lieu" fees for park or recreational purposes as a condition of approval of a subdivision map be used (1) to purchase a theatre where a variety of cultural activities, including concerts, dance recitals, and art shows, would be exhibited, (2) to purchase land on which a theatre would be constructed to exhibit a variety of cultural activities, or (3) to fund the construction of a theatre that would exhibit a variety of cultural activities on land dedicated for park or recreational purposes?

CONCLUSION

Funds obtained as "in lieu" fees for park or recreational purposes as a condition of approval of a subdivision map may be used (1) to purchase an existing theatre where a variety of cultural activities, including concerts, dance recitals, and art shows, would be exhibited, (2) to purchase land on which a theatre would be constructed to exhibit a variety of cultural activities, or (3) to fund the construction of a theatre that would exhibit a variety of cultural activities on land dedicated for park or recreational purposes

ANALYSIS

The Subdivision Map Act (Gov. Code, §§ 66410-66499.37; "Act") **Footnote No. 1** allows a city or county to regulate land use when subdivisions are proposed for development. Obtaining approval of a subdivision map is a typical step that a developer must take when subdividing property. In the course of regulating the design and improvement of subdivisions, a city or county may impose conditions on the issuance of a subdivision map. One authorized condition is the dedication of land or the payment of fees in lieu thereof for park or recreational purposes made necessary by the subdivision. Section 66477 states:

"The legislative body of a city or county may, by ordinance, require the dedication of land or impose a requirement of the payment of fees in lieu thereof, or a combination of both, for

land or impose a requirement of the payment of fees in lieu thereof, or a combination of both, for park or recreational purposes as a condition to the approval of a tentative map or parcel map, provided that:

"(a) The ordinance has been in effect for a period of 30 days prior to the filing of the tentative map of the subdivision or parcel map.

"(b) The ordinance includes definite standards for determining the proportion of a subdivision to be dedicated and the amount of any fee to be paid in lieu thereof. The amount of land dedicated or fees paid shall be based upon the residential density, which shall be determined on the basis of the approved or conditionally approved tentative map or parcel map and the average number of persons per household. . . .

"(c) The land, fees, or combination thereof are to be used only for the purpose of developing new or rehabilitating existing neighborhood or community park or recreational facilities to serve the subdivision.

"(d) The legislative body has adopted a general plan or specific plan containing policies and standards for parks and recreation facilities, and the park and recreational facilities are in accordance with definite principles and standards.

"(e) The amount and location of land to be dedicated or the fees to be paid shall bear a reasonable relationship to the use of the park and recreational facilities by the future inhabitants of the subdivision.

"(f) The city, county, or other local public agency to which the land or fees are conveyed or paid shall develop a schedule specifying how, when, and where it will use the land or fees, or both, to develop park or recreational facilities to serve the residents of the subdivision. Any fees collected under the ordinance shall be committed within five years after the payment of such fees or the issuance of building permits on one-half of the lots created by the subdivision, whichever occurs later. If the fees are not committed, they, without any deductions, shall be distributed and paid to the then record owners of the subdivision in the same proportion that the size of their lot bears to the total area of all lots within the subdivision.

". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ."

A city proposes to use its "in lieu" funds paid under section 66477 to acquire a theatre where a variety of cultural activities, including concerts, dance recitals, and art shows, would be exhibited. We are asked whether the proposal would comply with the terms of section 66477, or alternatively whether the city could use its funds to purchase land on which it would construct a theatre for cultural exhibits or to construct a theatre for cultural exhibits on lands dedicated for parks or recreation. We conclude that all three proposals would be permissible under the statute.

The ultimate issue to be addressed is whether a theatre used for cultural activities, such as plays, dance recitals, concerts, and art shows, is properly considered a "recreational" facility. If it is, it may be located on land dedicated for parks or recreation, and "in lieu" fees for park or recreation purposes may be used to purchase, construct, or rehabilitate the theatre.

In analyzing this issue, we first note that section 66477 deals with dedications and fees for park *or* recreation purposes. The fact that the statute is written in the disjunctive indicates that the recreational component is not limited to activities associated with public parks.

The Legislature and the courts have recognized in a variety of contexts that "recreation" encompasses cultural activities, among others. For example, under the Community Recreation Act (Ed. Code

encompasses cultural activities, among others. For example, under the Community Recreation Act (Ed. Code, §§ 10900-10914.5) counties, cities, schools, and special districts may organize, promote, and conduct programs of community recreation. (Ed. Code, § 10905; 78 Ops.Cal.Atty.Gen. 181, 185-186 (1995); 4 Ops.Cal.Atty.Gen. 368 (1944).) "Recreation" is defined by the Legislature for purposes of this statutory scheme as follows:

> "'Recreation' means any activity, voluntarily engaged in, which contributes to the physical, mental, or moral development of the individual or group participating therein, and includes any activity in the fields of music, drama, art, handicraft, science, literature, nature study, nature contacting, aquatic sports, and athletics, or any of them, and any informal play incorporating any such activity." (Ed. Code, § 10901, subd. (c).)

Accordingly, the Legislature has recognized "any activity in the fields of music, drama, art, handicraft, science, literature . . ." as constituting "recreation."

In *Greek Theatre Assn.* v. *County of Los Angeles* (1978) 76 Cal.App.3d 768, 777-778, the court noted that "a civic theatre presenting amateur performances of plays, musicals, light opera, and operetta" presented an "educational and recreational benefit to the customers through viewing of the performances." In *Rhodes* v. *City of Palo Alto* (1950) 100 Cal.App.2d 336, 340, a city community theatre was described as being "administered by the city recreation department," having been donated to the city to "advance the interest of adult recreation activities."

We conclude that funds obtained as "in lieu" fees for park or recreational purposes as a condition of approval of a subdivision map may be used (1) to purchase an existing theatre where a variety of cultural activities, including concerts, dance recitals, and art shows, would be exhibited, (2) to purchase land on which a theatre would be constructed to exhibit a variety of cultural activities, or (3) to fund the construction of a theatre that would exhibit a variety of cultural activities on land dedicated for park or recreational purposes.

* * * * *

**Footnote No. 1**
All referenced hereafter to the Government Code are by section number only.